UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN DOE,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

CASE NO. 2:25-CV-2350-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: **July 16, 2026**

This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. Plaintiff John Doe,[1] proceeding *pro se,* initiated this action asserting claims relating to the conditions of his confinement under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. §§ 1985 and 1986, and the Federal Torts Claim Act ("FTCA").[2] Dkt. 3. The filing fee has been paid. *See docket*. Before the Court is a

---

[1] For clarity, the Court notes that Plaintiff is not proceeding under a pseudonym. Rather, "John Doe" is Plaintiff's legal name as reflected in Bureau of Prisons ("BOP") records submitted by Plaintiff. Dkt. 3 at 8.

[2] For his FTCA claim, Plaintiff alleges breach of duties codified in 18 U.S.C. § 4042(a) by Defendants United States of America and the Federal Detention Center at Seattle Tacoma ("FDC SeaTac"). The Individual Defendants do not seek dismissal of these claims or Defendants.

REPORT AND RECOMMENDATION - 1

Partial Motion to Dismiss filed by Defendants M. Bowlin, Carnahan, Chapman, and Pope (collectively "Individual Defendants"). Dkt. 17.

Upon review, the Court finds that Plaintiff has not stated a cognizable claim against any of the Individual Defendants and recommends the Motion to Dismiss (Dkt. 17) be granted. It is further recommended Plaintiff not be granted leave to file an amended complaint in this action and, instead, that any *Bivens* claim premised on a theory of deliberate indifference to medical needs be dismissed without prejudice to Plaintiff bringing any such *Bivens* claim in a new, separate action.

## I.    BACKGROUND

Plaintiff, a federal inmate, initiated this action following an alleged inmate assault that occurred on January 2, 2025, at FDC SeaTac. Dkt. 3. Plaintiff alleges that, beginning in November 2024, he and five other Black inmates repeatedly informed FDC SeaTac staff that Hispanic inmates had threatened them and that violence was likely because of a significant racial imbalance within their housing unit. *Id.* at 3–5. Plaintiff alleges that he and other inmates reported the situation to executive staff, Individual Defendants and other prison officials. Plaintiff further alleges that, in December 2024, he sent an electronic message to requesting intervention before the situation worsened and violence occurred. *Id*. at 4–5. According to the complaint, despite Plaintiff's warnings and requests, no official action was taken to mitigate the reported risk of harm. *Id.* Plaintiff alleges that on January 2, 2025, approximately thirty Hispanic inmates attacked him and other Black inmates, causing injuries to his head and back. *Id*. at 5. Plaintiff further alleges that prison officials took corrective measures after the assault by placing additional Black inmates in the unit, which was the intervention Plaintiff requested months earlier. *Id.* Finally, Plaintiff alleges he has not received an M.R.I. and requires surgery for the injuries allegedly incurred during the assault. *Id.* at 5.

REPORT AND RECOMMENDATION - 2

Based on these allegations, Plaintiff asserts constitutional claims against the Individual Defendants, including claims under *Bivens* and conspiracy claims under 42 U.S.C. §§ 1985 and 1986. *Id*. at 1–6. Plaintiff also asserts an FTCA claim against the United States and FDC SeaTac arising from the same events and attaches a denial of his administrative tort claim. *Id.* at 1–2, 8. As relief, Plaintiff seeks $15 million in damages. *Id.* at 2.

On April 21, 2026, the Individual Defendants moved to dismissal all claims asserted against them, including Plaintiff's claims asserted under *Bivens* and his conspiracy claims. *Id.* Plaintiff filed a response, which was received after the briefing deadlines expired. Dkt. 19. In his response, Plaintiff argues he should be given an opportunity to engage in discovery and obtain evidence to demonstrate the injuries sustained during the alleged assault and the Individual Defendants' prior awareness of the threat of harm posed by other inmates. Dkt. 19. Defendants did not file a reply. *See docket.*

As deadlines to submit further briefing have elapsed, the Motion to Dismiss (Dkt. 17) is now fully briefed and ready for consideration by the Court.

## II.   STANDARD OF REVIEW

A motion to dismiss can be granted only if a plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

REPORT AND RECOMMENDATION - 3

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id..*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471

### III.   DISCUSSION

First, the Individual Defendants seek dismissal of Plaintiff's *Bivens* claims, arguing they present a new context and that special factors counsel against creation of a new *Bivens* remedy in this case. Dkt. 17 at 6–17. Next, they argue Plaintiff's claims should be dismissed on qualified immunity grounds because Plaintiff has failed to plausibly allege a violation of a clearly established constitutional right by any Individual Defendant. *Id.* at 17–21. With respect to Plaintiff's conspiracy claims, the Individual Defendants argue they are entitled to qualified immunity because it is not clearly established the federal employees can conspire with one another for purposes of a § 1985 conspiracy claim or a derivative § 1986 claim. *Id.* at 21–25.

REPORT AND RECOMMENDATION - 4

**A.      *Bivens* Claims**

To state a claim for relief against a federal actor, a plaintiff must plausibly allege that the defendant, while acting under color of federal law, deprived him of a right guaranteed by the federal Constitution. *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003). Such claims are known as "*Bivens* claims," named after the Supreme Court's decision permitting a plaintiff to sue a federal officer in their individual capacity for damages[3] for violating a plaintiff's constitutional rights. *Bivens*,

The United States Supreme Court has recognized a *Bivens* claim in only three instances. First, in *Bivens*, 403 U.S. at 389–90, the Supreme Court recognized an implied private action for damages against federal officers pursuant to the Fourth Amendment's prohibition against unreasonable search and seizure. Second, in *Davis v. Passman*, 442 U.S. 228, 248–49 (1979), the Supreme Court held that the Fifth Amendment Due Process clause provided a damages remedy against a Congressman for gender discrimination. Third, in *Carlson v. Green*, 446 U.S. 14, 19–20 (1980), the Supreme Court held that the Eighth Amendment's Cruel and Unusual Punishments Clause provided a damages remedy against federal jailers for failure to provide adequate medical treatment. "These three cases—*Bivens, Davis*, and *Carlson*—represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017).

The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," and has "consistently refused to extend *Bivens* to any new context

---

[3] As relief, Plaintiff seeks damages and states that each of the Individual Defendants are sued in their individual and official capacities. *See* Dkt. 3. While *Bivens* provides a cause of action for damages, such claims may only be asserted against federal actors in their individual capacities. Thus, any "official capacity" *Bivens* claim is improperly pleaded and should be dismissed.

REPORT AND RECOMMENDATION - 5

or new category of defendants." *Id.* at 135 (first citing *Iqbal*, 556 U.S. at 675; and then quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)).

Courts apply a two-step test to determine whether a *Bivens* claim may proceed. First, a court asks whether the *Bivens* claim arises in a "new context"—that is, one that is "different in a meaningful way from previous *Bivens* cases decided by th[e] [Supreme] Court." *Id.* at 139. Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if "special factors indicate that the Judiciary is *at least arguably less equipped than Congress* to weigh the costs and benefits of allowing a damages action to proceed." *Mejia v. Miller*, 61 F.4th 663, 667 (9th Cir. 2023) (quoting *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (emphasis added in *Mejia*)).

"These steps will 'often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy.'" *Marquez v. Rodriguez*, 81 F.4th 1027, 1030 (9th Cir. 2023) (quoting *Egbert*, 596 U.S. at 492). If so, then the court may not allow the *Bivens* claim to proceed. *Id.* "In practice, the Supreme Court's stringent test will foreclose relief in all but the most extraordinary cases." *Id.*

1. Failure to Protect

First, Plaintiff alleges a *Bivens* claim for failure to protect him from the inmate assault that allegedly occurred on January 2, 2025. Dkt. 3. The first step in a *Bivens* analysis is to determine whether a case presents a new *Bivens* context. *See Hernandez v. Mesa*, 589 U.S. 93, 102 (2020). A context is regarded as "'new' if it is 'different in a meaningful way'" from the Supreme Court's decisions in *Bivens, Davis*, and *Carlson*. *Id.* (quoting *Ziglar*, 582 U.S. at 139). Although there is no "definitive list" of meaningful differences giving rise to a new *Bivens* context, courts may consider a variety of circumstances including "the rank of the officers involved, the constitutional right at issue, the generality or specificity of the official action, the extent of judicial guidance as to how an officer should respond to the problem or emergency to

REPORT AND RECOMMENDATION - 6

be confronted, and the statutory or other legal mandate under which the officer was operating." *Stanard v. Dy*, 88 F.4th 811, 816 (9th Cir. 2023) (citing *Ziglar*, 582 U.S. at 139–40).

Here, Plaintiff's claim for failure to protect involves a different constitutional right than those at issue in *Bivens*, *Davis*, and *Carlson.* Because a prisoner's right to be protected from known risks of harm by other inmates arises under the Eighth Amendment, Plaintiff's claim bears the closest resemblance to *Carlson*, which involved a prisoner's right to be free from deliberate indifference to serious medical needs also governed by the Eight Amendment.[4]

While the medical deliberate indifference claim in *Carlson* is the nearest fit, "similarity alone does not suffice," and courts consistently find that federal inmate's failure to protect claims are meaningfully different from *Carlson* and thus present a new *Bivens* context. *Chambers v. C. Herrera*, 78 F.4th 1100, 1106 (9th Cir. 2023) ("No case has extended *Bivens* to claims that BOP employees violated the Eighth Amendment by failing to protect an inmate from other staff members."); *Washam v. Federal Bureau of Prisons*, No. 5:22-CV-01972-WLH-SP, 2026 WL 796480, at *4 (C.D. Cal. Mar. 19, 2026) (collecting cases).

Thus, the Court proceeds to step two, which asks whether special factors counsel against extension of *Bivens* to a new context. A special factor that precludes extension of *Bivens* is the creation of alternative remedial structure by either the legislative or executive branch. *Egbert*, 596 U.S. at 498 ("So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy."). And the Ninth Circuit has already concluded that availability of the BOP administrative remedy program counsels against extension of *Bivens*

---

[4] Plaintiff also references the Fourteenth Amendment in his complaint. Dkt. 3 at 2. However, the Fourteenth Amendment applies to actions taken under color of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988). Thus, Plaintiff's constitutional challenges to the conditions of his federal confinement and the conduct of federal officials arise, if at all, under the Eighth Amendment, not the Fourteenth Amendment.

REPORT AND RECOMMENDATION - 7

to failure to protect claims like that alleged here. *Chambers*, 78 F.4th at 1106 (citing *Egbert*, 596 U.S. at 498)).

Accordingly, because Plaintiff's failure to protect claim presents a new *Bivens* context and special factors counsel against extension of the *Bivens* remedy here, this claim is subject to dismissal for failure to state a claim upon which relief may be granted.

2.  Deliberate Indifference

Liberally construed, Plaintiff's complaint also asserts a claim for deliberate indifference to serious medical needs under the Eighth Amendment. Dkt. 3 at 2, 5. However, such a claim is not supported by sufficient factual allegations to permit the Court to determine whether it presents a new *Bivens* context. Plaintiff alleges that he suffered injuries to his head and back when assaulted by other inmates on January 2, 2025, and that he continues to experience headaches and memory loss, requires back surgery, and has not received an M.R.I. for his upper back. *Id.* at 5. Plaintiff does not, however, identify which Individual Defendant—if any—was involved in the alleged denial of medical care, what treatment was requested, what treatment was provided or denied, and how any particular defendant responded or failed to respond to his medical needs. Without such allegations, the Court cannot meaningfully evaluate whether Plaintiff's claim differs from the deliberate-indifference claim recognized in *Carlson*.

Moreover, even assuming Plaintiff's claim does not require extension of *Bivens* to a new context, the allegations in his complaint are insufficient to state a deliberate indifference claim against any Individual Defendant. To state such a claim, a plaintiff must allege facts showing both a serious medical need and that a defendant knowingly disregarded an excessive risk to the plaintiff's health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Lemire v. Cal. Dep't of Corr. & Rehab.,* 726 F.3d 1062, 1074 (9th Cir. 2013). Here, Plaintiff fails to allege facts

REPORT AND RECOMMENDATION - 8

demonstrating that any Individual Defendant was personally aware of, and deliberately indifferent to, his medical needs.

Accordingly, to the extent Plaintiff asserts a *Bivens* claim based on deliberate indifference to medical needs, such a claim should be dismissed for failure to state a claim.[5]

**B.      Conspiracy Claims**

Next, the Individual Defendants seek dismissal of Plaintiff's conspiracy claims raised pursuant to 42 U.S.C. §§ 1985 and 1986.

Section 1985(3) provides "a cause of action if two or more persons conspire to deprive an individual of his constitutional rights. *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021). Section 1986, by contrast, provides a cause of action against individuals who "have negligently failed to prevent a conspiracy that would be actionable under § 1985." *Cerrato v. S.F. Cmty. Coll. Dist.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994).

The Supreme Court has recognized that, under the intracorporate-conspiracy doctrine, "an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy." *Ziglar*, 582 U.S. at 153. The Supreme Court further held that federal officials were entitled to qualified immunity on a § 1985(3) claim because, at the time of injury, it was not clearly established that the intracorporate-conspiracy doctrine did not apply to officials acting within the same branch of government. *Id*. at 152–55. The Supreme Court did not then resolve whether the intracorporate-conspiracy doctrine applies to § 1985 claims,[6] and the applicability of the doctrine in that context remains unsettled within

---

[5] Because the Court finds that a *Bivens* remedy should not be extended to Plaintiff's failure to protect claim and further finds that Plaintiff's deliberate indifference claim is not sufficiently pled, the Court does not address Defendants alternative argument that Plaintiff fails to show his claims rest on constitutional rights that were clearly established at the time of injury. Dkt. 17 at 21.

[6] *See Ziglar*, 582 U.S. at 153 ("Nothing in this opinion should be interpreted as either approving or disapproving the intracorporate-conspiracy doctrine's application in the context of an alleged § 1985(3) violation.").

REPORT AND RECOMMENDATION - 9

the Ninth Circuit. *See Manansingh v. United States*, No. 21-16192, 2023 WL 7295184, at *2 (9th Cir. Nov. 6, 2023) (affirming dismissal of § 1985 conspiracy claim on qualified immunity grounds because the applicability of the intracorporate-conspiracy doctrine is unsettled); *Lobato v. Las Vegas Metro. Police Dep't*, No. 22-16440, 2023 WL 6620306, at *2 (9th Cir. Oct. 11, 2023) (concluding the same with respect to § 1983 conspiracy claim); *see also White v. King Cnty. Sheriff's Off.*, No. 2:23-CV-01761-JHC, 2026 WL 523889, at *11 (W.D. Wash. Feb. 25, 2026), *cert. denied*, 2026 WL 925608 (W.D. Wash. Apr. 6, 2026) (concluding intra-corporate-conspiracy doctrine "blocked" a § 1985 conspiracy claim).

Here, Plaintiff's conspiracy allegations are directed exclusively at BOP employees acting in connection with Plaintiff's confinement at FDC SeaTac. As the availability of a viable § 1985 conspiracy claim under the alleged circumstances remains unsettled, the Individual Defendants are entitled to qualified immunity on Plaintiff's § 1985 conspiracy claim.

Plaintiff's claim under 42 U.S.C. § 1986 likewise fails. A claim under § 1986 is dependent upon the existence of a valid conspiracy claim under § 1985. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim can be stated under [§] 1986 only if the complaint contains a valid claim under [§] 1985."). Because Plaintiff has failed to state a viable conspiracy claim under § 1985, his § 1986 claim is also subject to dismissal.

Accordingly, Plaintiff's conspiracy claims under §§ 1985 and 1986 should be dismissed for failure to state a claim.

## C.    Leave to Amend

Having concluded portions of his complaint should be dismissed for failure to state a claim, the Court next considers whether Plaintiff should be granted leave to cure the deficiencies through amendment. The Ninth Circuit has "established that a *pro se* litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is

REPORT AND RECOMMENDATION - 10

clear that they cannot be overcome by amendment." *See Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).

Although Plaintiff is proceeding *pro se* and has not previously been advised of the deficiencies discussed above, the Court nevertheless concludes that leave to amend is not appropriate under the circumstances presented here. To begin, the deficiencies in Plaintiff's *Bivens* claim for failure to protect and his conspiracy claims are legal in nature and cannot be cured through amendment. Accordingly, amendment of those claims would be futile. By contrast, to the extent Plaintiff also raises a *Bivens* claim for deliberate indifference to medical needs, that claim is deficient and subject to dismissal because it lacks sufficient factual allegations. Nevertheless, Defendants have not moved to dismiss Plaintiff's Federal Tort Claims Act ("FTCA") claim, and that claim remains pending. Permitting amendment solely to allow Plaintiff an opportunity to supplement the factual allegations supporting a deliberate indifference claim would unnecessarily prolong litigation and delay resolution of the surviving FTCA claim.

Under these circumstances, the Court concludes that dismissal without prejudice, rather than leave to amend in this action, is the most appropriate course. Plaintiff's deliberate indifference claim should therefore be dismissed without prejudice to Plaintiff pursuing that claim in a new, separate action. The Court finds that this approach appropriately balances Plaintiff's opportunity to pursue a potentially viable *Bivens* claim against any individual officers against the need to avoid undue delay in the adjudication of the surviving FTCA claim against the United States and the Federal Detention Center SeaTac.

## IV.  CONCLUSION

Upon review, the Court finds that Plaintiff has not stated a cognizable *Bivens* or conspiracy claim against any Individual Defendant and recommends the Motion to Dismiss (Dkt. 17) those claims be granted. It is further recommended that dismissal of Plaintiff's *Bivens* claim

REPORT AND RECOMMENDATION - 11

for failure to protect and his §§ 1985 and 1986 conspiracy claims be entered with prejudice, and that dismissal of his *Bivens* claim for deliberate indifference to medical needs be entered without prejudice to filing that claim in a new, separate action. Finally, if the above recommendation is adopted and affirmed, the following defendants should be terminated from the docket in this case: M. Bowlin, Carnahan, Chapman, and Pope.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 16, 2026**.

Dated this 25th day of June, 2026.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12